Jones *v.* Baird *et al.*

No. 7997.

## Jones *v.* Baird et al.

SPECIAL VERDICT.—*Fact not Found.*—*Burden of Proof.*—*Answer.*—*Practice.*—It is not a valid objection to a special verdict, that it does not find either way upon an allegation of a special answer, as only the facts proved need be stated; and all issues not determined by the facts found must be regarded as not sustained by the party having the burden of proof.

SAME.—*New Trial.*—If there was proof of a fact not found, the remedy is by a motion for a new trial.

SAME.—*Venire de Novo.*—If a verdict, instead of a fact found, states only matter of evidence in relation to it, the remedy is by a motion for a *venire de novo.*

From the Tippecanoe Circuit Court.

*W. C. Wilson* and *J. H. Adams*, for appellant.

*H. W. Chase*, *F. S. Chase* and *F. W. Chase*, for appellees.

WOODS, J.—Action by the appellant for the recovery of personal property. The appellees answered by a general denial, and by a special plea, to the effect that the defendant Baird, the sheriff of the county, had seized the property by virtue of an execution issued to him against the property of

one Eaglehoff; that Eaglehoff had no other property subject to levy, and that with intent to cheat, hinder and delay his creditors, and especially the plaintiff in said execution, Eaglehoff had made a pretended sale of the property to the appellant, who knew and intended to aid Eaglehoff's fraudulent purpose. The jury found a special verdict. The appellant assigns error upon the overruling of his motions for a *venire de novo* and for a new trial. The argument of his counsel is confined to the ruling upon the former motion, and to that alone, therefore, do we give consideration.

The one objection made to the verdict is, that it does not find either way upon the allegation of the special answers, that Eaglehoff had no other property subject to execution. This objection is predicated on the case of *Housworth* v. *Bloomhuff*, 54 Ind. 487, wherein it is said: "A special verdict must contain a finding by the jury, *pro* or *con*, as to every material fact in issue, necessary to constitute the plaintiff's cause of action, or the defendant's defence."

The rule on this subject, as defined in the more recent decisions is, that the facts proven at the trial, and none others, need be stated in a special verdict or finding; and if there are issues in the cause, concerning which no evidence has been given, nothing in reference thereto should be stated. All issues not determined by the facts found must be regarded as not sustained by the party having the burden of proof. If there was proof of a fact, which is not found, the remedy must be by a motion for a new trial; and if, instead of the fact which ought to have been found, the verdict states only matters of evidence in relation thereto, the remedy is by a motion for a *venire de novo.* *Graham* v. *The State*, 66 Ind. 386; *Vannoy* v. *Duprez*, 72 Ind. 26; *Martin* v. *Cauble*, 72 Ind. 67; *Ex parte Walls*, 73 Ind. 95; *Parker* v. *Hubble*, 75 Ind. 580.

Applying the rule as declared in these cases, it can not be said that the special verdict is defective on its face. Its

silence in reference to the allegation, that Eaglehoff had no other property subject to execution, is, in effect, a finding that he had other property, to some amount, subject to levy, and so indeed was the evidence. The appellant certainly has no ground for complaint, for the reason that, in this respect, the verdict is in his favor. No other questions are presented.

The judgment is affirmed, with costs.