### COLLINS v. RILEY.

1. Land in Virginia, whereof the owner died seised in 1823, descended to his married daughter. In January, 1868, she and A., her husband, conveyed it in fee, and shortly thereafter died, he predeceasing her. In that year and after her death, B., their grantee, brought ejectment. The jury returned a special verdict, setting forth substantially the above facts and finding that the right of A. was, at the date of the conveyance to B., barred by the Statute of Limitations. *Held,* in view of the provisions of the code of that State (*infra,* pp. 324, 325, 326), that the facts so found entitle B. to recover, inasmuch as it does not appear therefrom that her title or right of entry, which passed by the conveyance, was barred at the date thereof, or at the commencement of the suit.

2. A verdict for the plaintiff, if it declares that the land in dispute "was claimed by the defendants," is in substantial compliance with the requirements of the code.

ERROR to the District Court of the United States for the District of West Virginia.

Riley claiming to be the owner in fee-simple of a large body of land, containing 3,000 acres, consisting of several tracts in the county of Ritchie, State of West Virginia, brought this action, on the 28th of March, 1868, to recover the same from the plaintiffs in error, who, it is alleged, unlawfully withheld from him the possession thereof. The plea, following the requirements of the local law, was, " not guilty of unlawfully withholding the premises claimed by the plaintiff in his declaration." A trial resulted in a verdict for the defendants, which was, on motion, set aside. Upon a second trial the jury found for him, the verdict being in these words : " We, the jury, find for the plaintiff the land described in the declaration [here follows a description of the boundary of the entire tract of 3,000 acres], except as to two undivided thirds of [here follows a description of separate tracts, aggregating 1,834 acres, and claimed by the respective defendants]. And as to the two-thirds of the lands hereinbefore described and excepted, we find for the said defendants ; and as to the remaining one-third of the lands hereinbefore excepted, and claimed by the said defendants, we find the following facts : That Frederick Swetzer died on the          day of          , 1823, possessed in fee of lot No. 4 and the lower half of No. 5, as hereinbefore

found for the plaintiff, leaving three heirs-at-law who inherited said property, one of whom, Polly, had, prior to his death, intermarried with Abraham Wagoner; and that subsequently to his death, to wit, on the        day of January, 1868, the said Abraham Wagoner and Polly his wife conveyed to the plaintiff in this cause all right and title in said lands; and that before the commencement of this suit Abraham Wagoner died, on the     · day of February, 1868, and the said Polly Wagoner died afterwards, on the        day of March, 1868; and we further find that, at the date of the deed executed by the said Abraham and Polly Wagoner to the plaintiff in this cause, the said Abraham Wagoner's right to recover against the said defendants was barred by the Statute of Limitations. Upon this state of facts as to the interest of Polly Wagoner, if the law be for the plaintiff, then we find for the plaintiff in fee the remaining one-third of the several tracts of land claimed as aforesaid by the defendants, and of which two-thirds have been found for them; if the law be for the defendants, then we find for the said defendants the one undivided third part of the said land conveyed by the said Abraham Wagoner and wife, of which we have herein found two undivided third parts for the defendants."

Riley moved the court to enter judgment in his behalf upon the special verdict. The defendants moved to arrest judgment for him, and, " for various reasons appearing upon the face of the record," to enter judgment in their favor. The motion of the plaintiff was granted and that of the defendants denied, whereupon they sued out this writ of error.

*Mr. Robert S. Blair* and *Mr. Edwin Maxwell* for the plaintiffs in error.

*Mr. Gideon Draper Camden, contra.*

MR. JUSTICE HARLAN, after stating the case, delivered the opinion of the court.

On behalf of Riley it is contended that the verdict is a general finding in his favor as to the undivided one-third of the several tracts claimed by the defendants, respectively, and should be followed by a judgment for him, unless the facts, specially stated, preclude his recovery. In that view we are

unable to concur. The finding is, in form, a special verdict as to the undivided one-third of the lands in controversy, and was so treated, in the court below, by both parties. It has all the essential requisites of a special verdict, which is one wherein the jury "state the naked facts, as they find them to be proved, and pray the advice of the court thereon; concluding conditionally, that if upon the whole matter the court should be of opinion that the plaintiff had a cause of action, they then find for the plaintiff; if otherwise, then for the defendant." 3 Bl. Com., p. 377. The inquiry, therefore, is not whether the facts stated prevent the court from entering a judgment in favor of Riley, in pursuance of a general finding for him, but whether the facts stated — "this state of facts as to the interest of Polly Wagoner" — affirmatively establish his right to any judgment against the present defendants for the recovery of that interest.

The main proposition advanced by the plaintiffs in error is that even if Riley, as between himself and his grantors, acquired that interest by an effectual conveyance, this action was barred by the Statute of Limitations.

The statute, which, it is conceded, governs this case provides, —

That no person shall make an entry on, or bring an action to recover, any land, but within fifteen years next after the time at which the right to make such entry, or to bring such action, shall have first accrued to himself, or to some person through whom he claims. Va. Code, 1860, tit. 45, c. 149, sect. 1.

That if, at the time the right shall have first accrued, such person was an infant, married woman, or insane, then such person, or the person claiming through him, may, notwithstanding the period of fifteen years shall have expired, make an entry on, or bring an action to recover, such land, within ten years next after the time at which the person to whom such right shall have first accrued shall have ceased to be under such disability as existed when the same so accrued, or shall have died, whichever shall first have happened. Id., sect. 3.

A subsequent section makes the foregoing limitations of the right of entry on, or action for, land subject to these provisos:

that no such entry shall be made or action brought, by any person who, at the time at which his right to make or bring the same shall have first accrued, shall be under any such disability, or by any person claiming through him, but within thirty years next after the time at which such right shall have first accrued, although the person, under disability at such time, may have remained under the same during the whole of such thirty years, or although the term of ten years from the period at which he shall have ceased to be under any such disability, or have died, shall not have expired. And, further, when any person shall be under any such disability at the time at which his right to make an entry or bring an action shall have first accrued, and shall depart this life without having ceased to be under any such disability, no time to make an entry, or to bring an action, beyond the fifteen years next after the right of such person shall have first accrued, or the ten years next after the period of his death, shall be allowed by reason of any disability of any other person. Sect. 4.

Recurring to the facts stated in the special verdict, it will be observed that Polly Wagoner was under the disability of coverture at the time she inherited the lands in controversy. The interest thus inherited nevertheless passed to Riley by the conveyance of January, 1868, unless *her* rights had been previously lost through adverse possession or hostile claim by others. But whether there was, prior to that conveyance, any such adverse possession or hostile claim, even as against the husband, is not distinctly found. The special verdict, it is true, states that the husband's right to recover against the defendants was barred by the Statute of Limitations. That, we think, is a conclusion of law, rather than a statement of facts upon which it rests. If, however, we give that finding the fullest effect claimed for it,— viz. that the defendants had held continuous adverse possession of, or had asserted a hostile claim to, the lands, long enough to bar an action upon the part of the husband, — we are still not informed by the special verdict as to the time such adverse possession, in fact, commenced, or when such hostile claim was, in fact, first asserted by defendants. It may have existed for only fifteen years prior to

the conveyance by Wagoner and wife to Riley. If it continued for that length of time, the husband's right to the possession of the lands would, under the statute, have been lost. But if adverse possession, or an adverse claim by defendants, for that length of time, be conceded, — and there is no reason why it should be presumed to have continued for a longer period, — it would not follow that the wife's right of entry was barred. The statute expressly declares that a woman shall not be barred of her right of entry into land, even by a judgment in her husband's lifetime, by default or collusion; and, further, that "no conveyance, or other act suffered or done by the husband only, of any land which is the inheritance of the wife, shall be or make any discontinuance thereof, or be prejudicial to the wife or her heirs, or to any one having right or title to the same by her death, but they may respectively enter into such land, according to their right and title therein, as if no such act had been done." Va. Code, 1860, c. 133, sect. 2, p. 608.

If the special verdict had stated that defendants, and those under whom they claim, had adversely held and claimed the land for a period sufficiently long, anterior to January, 1868, to show that the wife, notwithstanding the disability of coverture, had been barred of her right of action, then the law would be with the defendants. But no such facts are found. The verdict is, as we have seen, wholly silent as to when their adverse possession or claim commenced; and the court is asked to adjudge, as matter of law, that she was barred, simply because, at the date of the conveyance to Riley, her husband's right to recover was cut off by limitation. By the express words of the statute she had ten years after the disability of coverture was removed in which to assert her right of entry, provided thirty years from the date when her right first accrued had not expired. Notwithstanding, therefore, her husband's right of possession may have been barred when the deed to Riley was made, that conveyance, in the absence of evidence that she was barred, must be held to have passed whatever interest she then had in the lands.

Further, if it be conceded, as perhaps it must be, that the husband and wife — the former being barred — could not

have brought a joint action to recover the lands, and that during the life of the husband Riley could not have asserted his rights, as against the defendants, it would not follow that he got nothing by the conveyance. He certainly did acquire the wife's interest; and, when her disability was removed, he could enter upon the land, or bring an action for its recovery, precisely as she could have done, upon the death of the husband, had she not joined in the conveyance. This is clear from a comparison of the Limitation Act of Virginia, passed Feb. 25, 1819, with the provision of the code of 18j0. The former, while prescribing twenty years as the time within which an action for the recovery of land must be brought, gave to infants, *feme coverts*, and others under disability, and to their heirs, ten years after such disability was removed, in which to sue, notwithstanding twenty years may have passed after the right to sue accrued. Va. Rev. Code, 1819, vol. i. p. 488. On the other hand, the code of 1860, as we have seen, saved the rights of those who claimed through the person to whom the right of entry or action accrued. Riley, undoubtedly, claimed through the wife, and could sue by virtue of his ownership of her interest, because she could have sued, had no conveyance been made.

But it is argued that the special verdict must contain all the facts from which the law is to arise; that whatever is not found therein is, for the purposes of a decision, to be considered as not existing; that it must present, in substance, the whole matter upon which the court is asked to determine the legal rights of the parties, and cannot, therefore, be aided by intendment or by extrinsic facts, although such facts may appear elsewhere in the record. It is not necessary, in the view we take of this case, to controvert any of these propositions. They undoubtedly embody a correct statement, as far as it goes, of the law in reference to special verdicts. But we do not perceive that their application in this case would lead to any result different from the one already indicated. We have taken the special verdict as presenting the whole case as to Polly Wagoner's interest in the lands. It shows that Swetzer, under whom both sides claim, was, at his death, the owner of the land; that upon his death an undivided third thereof was

inherited by his daughter Polly ; and that her interest was conveyed, in 1868, to Riley, by the joint deed of herself and husband. No fact is stated justifying the conclusion that her interest in the land had been lost, prior to the conveyance, either by adverse possession or by adverse claim. If such fact existed it was the duty of the defendants, who relied upon limitation, to have established it by proof, and caused it to be stated in the special verdict. The record contains no bill of exceptions, and were we at liberty to look beyond the special verdict, we should find in the record no evidence whatever upon that point. We cannot presume that any such evidence was offered. It was not for Riley to prove that Mrs. Wagoner's right had not been lost by adverse possession or adverse claim by others. That was matter of defence. Counsel for the plaintiffs in error have proceeded, in their argument, upon the assumption that the special verdict sets forth facts showing that her right was barred, at the time of the conveyance to Riley, or at the commencement of the action. But evidently it shows nothing more than that the husband was barred, as to *his* right of possession.

Another proposition advanced by counsel for plaintiffs in error deserves notice. It is, that the special verdict does not show that they were, at the institution of the suit, in possession of, or claimed title to, the interest of Polly Wagoner in the lands in dispute.

By the code of Virginia of 1860 it is declared that " if the jury be of opinion [in actions of ejectment] for the plaintiffs, or any of them, the verdict shall be for the plaintiffs, or such of them as appear to have right to the possession of the premises, or any part thereof, and against such of the defendants as were in possession thereof, *or* claimed title thereto, at the commencement of the action." p. 612. There was a similar provision in the code of 1849, p. 561. The verdict in this case is in substantial conformity with this statutory requirement. The issue to be tried was whether the defendants unlawfully withheld from the plaintiff the premises described in the declaration. The verdict finds for the defendants as to the undivided two-thirds of the land in dispute. If that be not, in legal effect, a finding that defendants were in possession of the

entire land, there is a finding that defendants, respectively, claimed title to the several tracts in controversy. The verdict describes by metes and bounds each tract embraced in the suit, giving the name of each defendant by whom it is claimed, and finding for defendants as to two-thirds, undivided, of the respective tracts. It then proceeds to find as " to the remaining one-third of the lands hereinbefore excepted, and claimed by said defendants." Although the verdict does not state, in terms, that the defendants were in possession, it does state that they claimed the lands in dispute. And that seems to be sufficient under the local law. In reference to the case of *Southgate* v. *Walker* (2 W. Va. 427), it is sufficient to say that it related to an action of ejectment commenced in 1848, before the adoption of the above-recited provision. We are referred to no decision of the State court in conflict with the construction we have given to that provision.

We deem it unnecessary to comment upon any other objections urged against the special verdict. There is no error in the judgment, and it is

*Affirmed.*