## BEYRE, GUARDIAN, v. ADAMS.

1. **Pleading**: ANSWER: DENIAL OF KNOWLEDGE OR INFORMATION AS TO CERTAIN FACTS. In an action for the value of a cow alleged to have died in consequence of certain acts of negligence of one Smith, defendant's servant, defendant answered, " that of the alleged negligence of said Smith, and the death of said cow, the defendant has no knowledge or information to form a belief that said cow died in consequence of such negligence, and therefore denies the same." *Held* that this answer put in issue only the alleged effect of the negligence, but not the allegation of negligence itself, and that it was error to require plaintiff to prove that allegation.

*Appeal from Clayton Circuit Court.*

MONDAY, DECEMBER 12.

. ACTION for the recovery of the value of a cow. It is alleged that defendant had the animal in possession as bailee, and that she died in consequence of the negligence of his

servant. There was a verdict and judgment for defendant. Plaintiff appeals.

*Murdock & Davidson* and *J. Larkin*, for appellant.

*J. O. Crosby*, for appellee.

REED, J.—It is alleged in the petition that the defendant's servant was guilty of certain negligent acts which caused the death of the animal. The answer is as follows: "That of the alleged negligence of said Smith, [the servant,] and the death of said cow, the defendant has no knowledge or information to form a belief that said cow died in consequence of such negligence, and therefore denies the same."

The question presented is whether an issue is formed as to the negligence of the servant by this answer. The circuit court ruled that the burden was on plaintiff to prove the acts of negligence alleged in the petition. Under our statute, (Code, § 2655,) the defendant may put in issue the allegations of the petition, either by a special or a general denial, or a denial of knowledge or information thereof sufficient to form a belief. The answer in question does not, either specifically or generally, deny the allegations of the petition. In express terms, it denies that defendant has any knowledge or information to form a belief "that said cow died in consequence of such negligence." As to that averment, it is sufficient to put upon plaintiff the burden of proving it; but it clearly does not put in issue the allegation that Smith was guilty of the negligence charged, and that allegation is to be deemed true.

The judgment of the circuit court will be

REVERSED.