BARTOW V. NORTHERN ASSUR. CO. OF LONDON, ENGLAND.

1. In an action on an insurance policy, it was alleged that plaintiff was the owner of the property destroyed, at the time of the fire, to which allegation defendant interposed a denial of knowledge of information sufficient to form a belief. *Held*, that such denial was sufficient to raise the question of such ownership, where defendant was a foreign corporation, and not presumed to know who was the owner of such property at the time of such loss, nor required to ascertain such fact before pleading to the complaint.

2. Where there was no general verdict in an action on an insurance policy, a special verdict finding that no gasoline had been kept on the premises in question, and also the amount of damage to the property covered by the policy, was insufficient to sustain a judgment for plaintiff, in the absence of such findings on issues, raised by the pleadings, as to the ownership of the property at the time of the fire; as to whether more than 60 days had elapsed, after the proofs were made and notice given, before the action was brought; and as to whether the taking of other insurance before and after the issuance of defendant's policy, had been waived— though all such issues were proven by uncontradicted evidence.

(Opinion filed July 14, 1897.)

Appeal from circuit court, Aurora county.     Hon. D. HANEY, Judge.

Action upon a policy of fire insurance.     Plaintiff had judgment, from which and from an order denying its motion for a new trial, defendant appeals.     Reversed.

The facts are stated in the opinion.

*Palmer, Preston & Rogde*, for appellant.

In order to support the judgment the special verdict must pass upon all the material issues made by the pleadings.     28 Am. & Eng. Encyc. of Law, 383; Waymyre v. Lank, 121 Ind. 1; Pint v. Bauer, 31 Minn. 4; Lane v. Lenfest, 40 Minn. 375; Clay v. State, 43 Ala. 350.

*W. M. Smith* and *H. F. Fellows*, for respondent.

There was no error in the failure of the court to submit to the jury the question of concurrent insurance, appellant not having asked a submission of that question, for either general

or special verdict. Cummings v. Rogers, 30 N. W. 893; Smith v. Pendergast, 26 Minn., 318; Bradbury v. Bedbury. 31 Id. 163; Hewet v. Blumenkrang, 23 N. W. 858; Schultz v. Cremar, 10 N. W. 59; Lueck v. Heisler, 87 Wis. 644; Barr v. City of Omaha, 60 N. W. 591; Schroeder v. Webster, 50 N. W. 569. When a special verdict is found, a general verdict is unnecessary. Hoppe, Admr., v. Railroad, 21 N. W. 227.

CORSON, P. J. This is an action upon a policy of insurance issued by the defendant upon a stock of goods. Verdict and judgment for plaintiff, and the defendant appeals.

The plaintiff in his complaint alleges that the defendant is a corporation; that on the 23d day of February, 1895, the defendant issued to plaintiff a policy of insurance, and thereby insured the plaintiff against loss or damage by fire in the amount of $2,000, upon his stock of general merchandise in the city of Plankinton, S. D., that at the time of the making of the said insurance, and from then until the fire thereinafter mentioned, he was the owner of the whole of said stock of goods; that on the 17th day of February, 1895, said stock of goods was damaged, and in part destroyed by fire to the amount of $11,858.72, $2,000 of which loss was covered by the said policy of insurance; that the plaintiff duly fulfilled all the conditions of said insurance on his part, and more than 60 days before the commencement of this action, to-wit, on the 16th day of March, 1895, he gave notice, and made and served proofs of loss, and duly demanded payment of the said sum of $2,000, and that no part of the same has been paid. The defendant, by its answer; admitted its incorporation, and that it issued the policy described in the complaint. As to the other allegations of the complaint, its denial was as follows: "That as to whether, at the time of the making of said insurance, and from then until the alleged fire, the plaintiff had an interest in the property insured, as the owner or otherwise, of any part thereof, and to an amount exceeding the said amount of insurance, or in any amount whatever, or

that on the 17th day of February, 1895, or at any other time, the said merchandise was damaged, and in part destroyed by fire, to the amount of $11,858.72, or in any other sum or any sum whatever, this defendant had no knowledge or information sufficient to form a belief, and therefore denies the same.. Defendant avers that if there was any damage by fire, as alleged by plaintiff, to said stock of merchandise, the same does not exceed the value of $3,000; denies that it is indebted to plaintiff in the sum of $2,000 or any sum, or in any sum whatever. Denies each and every allegation, matter, and thing in plaintiff's complaint, except what is hereinbefore specifically admitted or denied." And, as defenses to the action, the defendant pleaded that prior to the exection and delivery of the policy, the plaintiff had taken out, and had in force, policies in other insurance companies, contrary to the stipulations contained in the policy issued by the defendant; that, after the issuance of the policy by defendant the plaintiff took out, and had in force at the time of the fire, policies in other companies, contrary to the stipulations in said policy; and that the plaintiff kept and used upon his premises gasoline, in violation of the stipulation in his said policy. To the affirmative defenses pleaded by the defendant, the plaintiff, by order of court, made reply as follows: "The plaintiff, for reply to the defendant's affirmative answer, says that the defendant made and delivered to the plaintiff the contract of insurance sued upon, and accepted from the plaintiff payment of, and retained the premium therefor, with full notice, information, and knowledge that the plaintiff had other insurance upon the property covered by said policy in an amount equal to the amount carried thereon, at the time and after the issuance of the said policy. And the plaintiff further says that the defendant at the time it made said policy of insurance, and accepted payment of the premium therefor, was notified and informed and had full knowledge of the fact that the plaintiff would procure other insurance on said property, and made, executed, and delivered said contract of insurance, and

continued the same in force and effect, after the time of the destruction of the said property by fire, with full notice and knowledge of the existence of all of the other and additional insurance on said property, and consenting thereto.    The plaintiff, for further reply to defendant's answer, denies that at the time of the issuance of said policy, or at any other time during the existence of said policy, he kept, used, or allowed gasoline on the premises described in the policy.    And the plaintiff further says that, by reason of the foregoing facts, the defendant waived all the provisions set out in the affirmative answer, referring to other or additional insurance upon the property covered by defendant's policy."

The case was tried to a jury, but no general verdict was rendered, and two questions only were submitted to the jury, as follows:    "First. Was gasoline kept or allowed on the premises described in the policy after it was issued?"    Answer: "No."    "Second. What amount of damage was caused by the fire to the property covered by the policy?"    Answer:    "$7,-433.44."    Upon the verdict, the court entered judgment in favor of the plaintiff for the sum of $1,571.85, with costs, taxed at $95.25.    No other special verdict was rendered by the jury. The appellant contends that this special verdict was insufficient upon which to base a judgment, as the issue of the ownership of the property at the time of the fire, the issue of the commencement of the action, more than 60 days after the proofs were made and served and notice given, the issue of the waiver of other policies in other companies, taken out before and subsequently to the issuance of the policy in controversy, and prior to the fire, were not found by the jury by their special verdict, and, there being no general verdict, they remain undetermined and undisposed of.    The respondent meets this contention by the proposition—First, that the denials in the answer were insufficient to raise the question of ownership of the property; and, second, that the evidence, upon this issue and the issue of the time of commencing of the action and the waiver

pleaded in the reply were uncontradicted, and hence findings upon these issues were not required. But, in our opinion, neither of these propositions of respondent is tenable. The claim of respondent that a denial of knowledge or information sufficient to form a belief as to the ownership of the property at the time of the fire could not be made by the defendant, as it was presumed to know or to be able to ascertain the fact of ownership, cannot be sustained. The defendant was a foreign corporation, and could not be presumed to know who was the owner of the goods at the time of the loss, and it could not be required to ascertain this fact before pleading to the complaint. "The true distinction to be observed in determining when a defendant may avail himself of the privilege afforded to him of answering in the qualified form allowed by the Code, and when he must postively admit or deny the allegations,· is to inquire whether the facts are presumptively within the defendant's knowledge. If they are, he cannot avail himself of this form of denial." 1 Enc. Pl. & Prac. 811; Kellogg v. Baker, 15 Abb. Prac. 286; Gribble v. Brewing Co. 100 Cal. 67, 34 Pac. 527; Elmore v. Hill, 46 Wis. 618, 1 N. W. 235; Morton v. Jackson, 2 Minn. 219 (Gil. 180). Generally, it is only the personal acts of the party answering, whether a natural person or a corporation or matters of record, that will be presumed to be within the personal knowledge of the party. The act of an agent will be presumed to be within the knowledge of his principal, and the same rule applies to corporations and their agents. Shearman v. Central Mills, 1 Abb. Prac. 187; Loveland v. Garner, 74 Cal. 298, 15 Pac. 844; Beyre v. Adams, 73 Iowa. 382, 35 N. W. 491; Railway Co. v. Carrico, (Ky.) 26 S. W. 177. Under no rule laid down in the books could the defendant be presumed to know who was the owner of the goods destroyed by the fire in the case at bar. It was authorized by statute to raise this issue by this form of pleading, and require the plaintiff to make proof as to such ownership; and such seems to have been the view of plaintiff's counsel at the time of the trial, as proof was

introduced on the part of plaintiff to prove his ownership of the goods.   The allegation that more than 60 days had elapsed after notice and proofs of loss before the action was commenced, was denied by the general denial.

The second proposition, that the issues, being established by uncontradicted evidence, will not be required to be found by the jury, is not supported by the authorites.   The law upon this subject was thus laid down by this court in Humpfner v. Osborn, 2 S. D. 310, 50 N. W. 88: "A special verdict, as contended by counsel, must find, on all the material facts put in issue by the pleadings, when no general verdict is returned with the special verdict; and this is the case although the evidence may establish beyond controversy the existence of the facts not found." And this seems to be the settled rule. In addition to the cases cited in that opinion, we may add the following authorities: Moore v. Moore, 67 Tex. 293, 3 S. W. 284. In that case the court says: "It is the right of the parties to have the jury pass upon all the facts controverted by the pleadings; and when they have omitted to do this, however clear and undisputed the evidence upon the issues not found, the court cannot render judgment with usurping in part the functions of the jury, and thereby render a judgment infringing a right guaranteed by the constitution and the law." In Eisemann v. Swan, 6 Bosw. 668, Mr. Justice WOODRUFF, speaking for the court says: "The general term are constrained to decline pronouncing any judgment upon this verdict. It is imperfect and does not furnish the facts necessary to warrant any judgment upon the issues raised by the pleadings. We think the verdict was taken under an erroneous impression in the minds of the parties respecting the requisites of a special verdict, when that alone appears upon the record in an action for the recovery of money only, or of specific real property. In this respect there is nothing in the Code of Procedure to warrant the idea that requisites of a special verdict are other or different now than before the Code was enacted. A general verdict determines the entire is-

sue in favor of the plaintiff or the defendant. A special ver-
dict finds all the facts which are requisite to enable the court to
say, upon the pleadings and verdict, which party is by law en-
titled to judgment, without referring to the evidence. The
pleadings and the special verdict together should show, when
separated from all else that appeared on the trial, and as a com-
plete record, that one or the other party is, as mere matter of
law, entitled to judgment. For the purpose of determining
what judgment shall be given, the court is therefore not war-
ranted in examining the evidence given on the trial, and ascer-
taining what other facts were proved which were denied in the
pleadings, however clear and satisfactory the evidence may be.
Jenks v. Hallett, 1 Caines, 60; Williams v. Jackson, 5 Johns,
502. See this subject fully discussed by Jones, Ch., in Seward
v. Jackson, 8 Cow. 409 *et seq.* He says: 'It is of the essence of
a special verdict that it should be a finding by the jury of the
facts upon which the court is to pronounce the law.   * * *   The
jury is to find the facts in issue between the parties.   *   *   *
To the court it belongs to apply the law to the facts, but the
court has no jurisdiction to decide upon evidence, or to enter into
any question of fact that may arise in a cause. This is a cardi-
nal rule in the law of special verdicts, which has always been
observed and enforced by courts of law, and ought, in my opin-
ion, never to be relaxed.'   *   *   .*   There are no provisions in
the Code modifying this rule. On the contrary, the definition
of a special verdict is in affirmance of the rule. 'A special ver-
dict is that by which the jury find the facts only leaving the
judgment to the court.' Code § 260. By the plainest implica-
tion, this imports that the special verdict must contain all the
facts which are in issue by the pleadings, the determination of
which is necessary to enable the court to give judgment, and it
clearly excludes the idea that the court can look into the evi-
dence itself to ascertain the facts, or any of them." The pro-
vision in the New York Code referred to is identically the same
as Subd. 2, Sec. 5060, Comp. Laws. Barto v. Himrod, 8 N. Y.

485. And such seems to be the rule in Pennsylvania. In Van-syckel v. Stewart, 77 Pa. St. 124, the court says: "A special verdict requires the jury to find all the material facts in the case from which the law is to arise. Morse v. Chase, 4 Watts. 456; Wallingford v. Dunlap, 14 Pa. St. 31. It concludes conditionally, as the court may declare the law to be on these facts. It must include both disputed and undisputed facts. The court will not infer a fact not found by the jury." It must declare the law on these facts alone. Whatever is not there found must be considered as not existing. Wallingford v. Dunlap, *supra*; Thayer v. Society, 20 Pa. St. 60; Berks Co. v. Jones. 21 Pa. St. 413. As all the essential facts must be found in the verdict it follows that it cannot be aided by intentment ·or by extrinsic facts appearing upon the record. Loew v. Stocker, 61 Pa. St. 347, and cases there cited. * * * Whether or not other portions of the record show the facts is irrelevant. The special verdict must find and state the facts. A party shall not be compelled to search the papers on file for either facts or allegations not found in the report. The special verdict must be self sustaining or fall."

In Indiana, in the late case of Coal Co. v. Hoodlet, 129 Ind. 327, 27 N. E. 741, on pages 338-339, the court says: "A special verdict should contain a finding by the jury upon every material fact in issue necessary to constitute the plaintiff's cause of action or the defendant's defense upon which there is evidence. Work, Prac. § 851, and cases cited. There need be no finding upon immaterial facts, nor upon facts proven, but not within the issues. Johnson v. Putnam, 95 Ind. 57. A failure to find upon any material fact in issue is equivalent to a finding against the party upon whom the burden rests to establish such fact. Henderson v. Dickey, 76 Ind. 264; Jones v. Baird, 76 Ind. 164; Parmater v. State, 102 Ind. 90, 3 N. E. 382; Johnson v. Putnam *supra*; Glantz v. City of South Bend, 106 Ind. 305, 6 N. E. 632. If the special verdict fails to find material facts, within the issues, which were established by the evi-

dence, the remedy is not by motion to coerce them into making such finding, but by a motion for a new trial by the party aggrieved.   Vinton v. Baldwin, 95 Ind. 433; Jones v. Baird, *supra*; Railway Co. v. Bush, 101 Ind. 582; City of Layfayette v. Allen, 81 Ind. 166." See, also, 28 Am. & Eng. Enc. Law, pp. 380–393, and cases cited.

The only cases that we have found holding a contrary doctrine are:   McNarra v. Railway Co., 41 Wis. 69; Hutchinson v. Railway Co., Id. 541; Williams v. Porter, Id. 422; Ward v. Busack, 46 Wis. 408, 1 N. W. 107.   In the latter case, RYAN, C. J., while concurring in that decision, makes the following vigorous dissent to the doctrine laid down in these cases by his two associates.   He says:   "I concur in this judgment.   The special verdict disposes of all the issues in the case, and the question which the learned judge of the court below refused to put was supernumerary.   But I cannot give my assent to the dictum that the court may eke out the failure of a special verdict to pass on all the issues, by holding that the evidence on the question omitted appears to the court to be uncontradicted and satisfactory.   This is invading the province of the jury, and violating the rule that a verdict must pass upon all the issues.   Heeron v. Beckwith, 1 Wis. 17, and cases cited in the note of Vilas and Bryant.   The learned justice who writes the opinion of the court cites in support of the dictum three cases in 41 Wis.   Those cases were determined in my absence, and they appear to proceed on no authority.   They are more or less in conflict with many well-considered cases in the court. And it is to be hoped that they will not be followed."

It would seem therefore, that the doctrine laid down by this court in Humpfner v. Osborne, *supra*, is fully sustained by authority.   The rule that the special verdict should find all the issues not admitted by the pleadings is certainly a most proper one, as it enables any judge, with the pleadings and special verdict, to determine what judgment should be entered thereon, without reference to what facts were proven on the trial—facts

known only to the judge who tried the case, unless preserved in a bill of exceptions. Even a trial judge, after lapse of time, may not remember what facts were proven by undisputed evidence; and under the rule laid down in the late Indiana case cited, and the federal and other courts, there would be no record to sustain the judgment, as "a failure to find upon any material fact in issue is equivalent to a finding against the party upon whom the burden rests to establish such fact." Collins v. Riley,.104 U. S. 327; People v. Wells, 8 Mich. 104; Wallingford v. Dunlap, 14 Pa. St. 33; Vansyckel v. Stewart, *supra.* Assuming, then, as contended by respondent, that the issue as to the ownership of the goods at the time of the fire, the issue as to the time of commencing the action, the issues as to the waiver of the other policies at the time the policy was issued and subsequently, before the fire, were all proven by uncontradicted evidence, they were nevertheless issues that should have been found by the special verdict, in order that a judgment for plaintiff might. have been properly entered thereon. As the case is presented, these issues are undetermined, and there is no verdict, special or otherwise, that can sustain the judgment. It will not be necessary to consider the other errors assigned. the judgment of the circuit court and order denying a new trial are reversed, and a new trial is ordered.

HANEY, J., took no part in the decision.