TAYLOR V. VANDENBERG *et al.*

1. An objection that the insufficiency of the evidence to justify the findings, and errors of law, could not be reviewed, for the reason that it did not affirmatively appear from the abstract that specifications of the particulars on which the evidence was claimed to be insufficient, and the particular errors of law relied on, were annexed to or made part of the bill of exceptions, was bad, where respondents did not file an additional abstract denying that such specifications were annexed to the bill of particulars.

2. The trial court, in trying a case without a jury, must make findings on every issue raised by the pleadings; and if it fails to do so, a new trial will be granted, or the case sent back, with directions to find on all the issues.

3. It could not be said that the court, in making certain findings in favor of defendant, necessarily found the allegations of the complaint against the plaintiff, where it was specially requested by plaintiff to make findings on all the omitted issues, and refused to do so.

(Opinion filed April 1, 1902.)

Appeal from circuit court, Beadle county. HON. A. W. CAMP-BELL, Judge.

Action by Maris Taylor against A. Vandenberg and others for an injunction to restrain the issuance of a tax deed to certain realty. Judgment for defendants and plaintiff appeals. Reversed.

*W. A. Lynch,* for appellant.

*L. C. Kemp* and *Pyle & Taylor,* for respondents.

CORSON, J.   This is an action to enjoin the treasurer of Beadle county from executing a tax deed on certain tax certificates issued by said county, and for a judgment canceling the same. The case was tried to the court without a jury, and the findings and judgment were in favor of the defendants, and from this judgment and the order denying a new trial the plaintiff has appealed. The motion for a new trial was made on various grounds, among which were insufficiency of the evidence to justify the findings of the court, errors of law occurring at the trial and excepted to by the plaintiff, and that such findings were against law. It is contended on the part of the respondents that the question of the insufficiency of the evidence to justify the findings, and errors of law, cannot be reviewed in this court, for the reason that it does not affirmatively appear from the abstract that specifications of the particulars in which the evidence is claimed to be insufficient to justify the findings and the particular errors of law relied on are annexed to or made a part of the bill of exceptions. This contention, however, is not available to the respondents, for the reason that they have filed no additional abstract denying that such specifications were annexed to the bill of exceptions. This court will therefore presume, in the absence of an additional abstract on the part of the respondents, that such specifications were annexed to the original bill of exceptions.

The important question presented in this case, and the only one that we deem it necessary to consider on this appeal, is, did the court err in refusing to find upon all the issues raised by the pleadings? It is contended on the part of the appellants that there were a number of issues upon which he requested findings as to which the court neglected or refused to make any findings whatever, and that the whole case is not now before us, as it should be, for review. The theory upon which the plaintiff's complaint is based is that there was such a failure to observe the requirements of the statute in assessing and levying the taxes, and in selling the property of the plaintiff for the delinquent taxes of 1893, that the sale made of the same in 1894, upon which the certificates in controversy were issued, was void. These defects in the proceedings are very definitely stated in the plaintiff's complaint, and are, in substance, that the property was sold for a sum in excess of the amount of delinquent taxes due thereon; that the treasurer of said county assigned said certificates to the grantor of the defendant Vandenberg, for a sum less than the amount of the taxes, interest, and costs due upon the same, and that the said sale was therefore void; that the assessor never in fact assessed the said property; that no proper, or sufficient, or any, return, as provided by law, was made of said sale to the auditor, and no proper or sufficient oath was attached to said return, as required by law, and that the said lots were not sufficiently or intelligibly described in the assessment roll; that no equalization of said property was ever had as provided by law; that the valuation of said property was unjust and excessive, and that, by reason of the failure of the board of equalization to meet and remain in session, the plaintiff had no opportunity to appear before the same and have such an unjust and excessive valuation corrected; that the auditor was not authorized by law to meet or

act as a member of the said board; that the county auditor of the county of Beadle failed to make a duplicate tax list containing any reference to the real property herein described, and delivered the same to the county treasurer, as required by law ; that no legal, or any, notice was given of the tax sale of 1894 at which said lots were sold for the pretended delinquent taxes of the year 1893; that the lots in the notice of said sale attempted to be given by the county treasurer were so incorrectly described that a person of common understanding could not ascertain what lots were meant thereby ; that there were no dollar marks to indicate what the figures in said notice of sale meant, and that by reason thereof the notice was void ; that the tax certificates issued by the county treasurer are not in the form prescribed by law, in that no day or date is named after which the holder thereof will be entitled to a deed of the real property described therein ; that no notice was given to the plaintiff, the owner and occupant of the said lots, by the holder of said certificates, of his intention to apply for a tax deed thereto at the end of two years from the time of sale, nor at the end of three years, nor at the end of four years ; that the total sum now demanded by the defendant Vandenberg for the redemption of said lots is $125.06, and this sum includes a large amount of interest which said Vandenberg is not authorized to collect. The answer admitted the ownership of the lots by the plaintiff, but denied each and every other allegation in the complaint contained. The answer then proceeded to set up, as an affirmative defense, what the defendants claimed to be the proceedings resulting in the issuance of said certificates of sale. The court found the facts substantially as set out in the answer of the defendants, but failed otherwise to pass upon several of the issues raised by the allegations of the complaint and denied by the answer. To illustrate : It is alleged in the

complaint, and denied by the answer, that the bid made by the county; and for which each of said lots was sold in November, 1894, contained the sum of 75 cents in excess of the true and correct amount of taxes due thereon, together with interest and taxable costs, and that such excess rendered the sale void, but, notwithstanding such allegation is an issue in this case, the court wholly omitted to make any findings thereon, and such omission is assigned as error; and it appears from the records that there are a number of such allegations in the complaint, denied by the answer, upon which there are no findings by the court. The court's attention was specifically called to these issues, and findings requested on the part of the appellant, he having presented complete findings upon every issue that was raised, and exception was taken to the refusal of the court to make the same.

One of the essential requisites of a judgment is that it be based upon either the findings of the court, a special verdict upon all the issues presented by the pleadings, or by a general verdict finding upon all the issues. 8 Enc. Pl. & Prac. 931-944. In Bartow v. Insurance Co., 10 S. D. 132, 72 N. W. 86, and Humpfner v. D. M. Osborne & Co., 2 S. D. 310, 50 N. W. 88, this court held that special findings of the jury which did not find upon all the issues were insufficent to support the judgment. In the more recent case of Wilson v. Insurance Co., 89 N. W. 649, this rule was adhered to. See, also, McKenna v. Whittaker, 9 S. D. 442, 69 N. W. 587. It is certainly quite as important that the court, when trying a case without a jury, should find upon all the issues as that the jury should do so in finding a general or special verdict. It is quite clear from the record in this case that in many, if not all, of the issues upon which no findings were made there was evidence upon which the court could have found the facts, and, had they been so found,

this court would have been able to pass intelligently upon the questions presented. It is not the province of this court, however, to make findings, although it might be satisfied that the evidence clearly warrants the same, but the duty of making the findings devolves upon the trial court, and the question of whether or not they are supported by the evidence, and whether or not the findings support the judgment, will be reviewed in this court in a proper case. It is therefore clearly the duty of the trial court to make findings upon every issue raised by the pleadings, and its failure to do so is error, for which a new trial should be granted, or the case sent back, with directions that the court make findings upon all the issues. It may be said that the trial court, in making certain findings in favor of the defendants, necessarily found the allegations of the complaint against the plaintiff. Possibly this might be so in case the court was not requested to make the necessary findings to enable the parties to bring before this court the theory upon which they claim the right to maintain the action; but, as before stated in this case, the court below was requested to make findings upon all the omitted issues, and refused to do so. Many of the questions presented on the part of the appellant and which he deems important cannot for the reason stated be reviewed by this court. To take again the first illustration, wherein it is alleged by the appellant and denied by the answer, that the sale of the property was for a sum in excess of the amount due on the property, including taxes, interest, and expenses of sale—that consequently the sale was void. There being no finding upon this issue, the question is not before us for review. The trial court has not informed us as to what items were included in the amount of the certificates of sale. The appellant requested a specific finding upon this issue, specifying the various sums that went to make up the amount for which the

sales were made.  The learned circuit court evidently proceeded upon the theory that, if it found sufficient facts favorable to the de-. fendant to support the judgment, that was all that was necessary; but, as we have seen, in this view the court was clearly in error, for, as before stated, it was not only its duty to find upon certain issues, but every issue presented by the pleadings, and until this has been done the case has not been fully tried.  Under this view of the case, it will not be necessary to discuss any of the questions presented.  Were it not for the fact that there has been a change of judges in the circuit from whence this case comes, we should send the case back, with directions to the court to make findings upon all the issues raised by the pleadings; but in view of the fact of this change, we deem it proper to reverse the case and grant a new trial.

The judgment of the ciruit court, and order denying a new trial, are reversed, and a new trial ordered.