## WILSON v. COMMERCIAL UNION INS. CO.

1. An answer in an action on a fire policy which admits defendant's incorporation and the issuance of the policy, but denies any knowledge or information sufficient to enable it to form a belief whether plaintiff ever owned the insured property, and which denies all allegations in the complaint not specifically admitted, and alleges plaintiff's failure to submit proofs of loss and a certificate showing an examination of plaintiff under oath as to the loss, as required by the policy, is sufficient to put in issue the question of the ownership of the property, its loss, and whether plaintiff furnished proofs of loss and a certificate of examination.

2. An answer that defendant has no knowledge or information as to a certain fact alleged in the complaint, sufficient "to enable it" to form a belief, is good, as a denial of knowledge or information, though it does not follow the language of Comp. Laws § 4914, subd. 1, which provides that the answer shall contain a denial of the facts alleged in the complaint, or of any knowledge or information thereof sufficient to form a belief.

3. The proof by uncontradicted evidence on behalf of the plaintiff of an issue of fact raised by the pleadings does not authorize the court to take the issue from the jury.

4. Where the pleadings in an action on a fire policy raise the issue whether proper proofs of loss were made, the fact that proof thereof may have been waived by a plea that the value of the property destroyed has never been ascertained in the manner provided for in the policy does not authorize the court to take the issue from the jury.

5.   The right of a defendant to have all the issues of fact submitted to the jury is not waived by his motion to direct a verdict, unless the plaintiff also asks a directed verdict.

6.   The failure to request instructions does not relieve the court from the duty of instructing on all the issues ,and an exception to an instruction limiting the jury to certain issues is sufficient to authorize a review of the action of the court in failing to submit other issues. FULLER, J., dissenting.

(Opinion filed February 12, 1902.)

Appeal from circuit court McPherson county.   HON. LORING E. GAFFY, Judge.

Action on a fire policy by John F. Wilson against the Commercial Union Insurance Company.   From a judgment in favor of the plaintiff, the defendant appeals.   Reversed.

*John Wood* (*F. V. Brown* and *Herreid & Williamson,* of counsel), for appellant.

*Albert Gunderson, C. H. Barron,* and *L. T. Boucher,* for respondent.

CORSON, J.   This is an action on a policy of insurance.   The case was tried to a jury, and a judgment rendered in favor of the plaintiff, and the defendant appeals.   The plaintiff states in his complaint, in substance;   (1) That the defendant was a corporation;   (2) that the plaintiff was the owner of a stock of merchandise of the value of $2,133;   (3)   that the defendant insured the same against loss by fire to the amount of $800;   (4)   that the property was destroyed by fire July 5, 1898, and that the value at the time of such fire was $2,133;   (5)   that the plaintff's loss thereby was the amount above specified;   (6)   that more than sixty days before the commencement of this action, and within sixty days of said fire, the plaintiff furnished the defendant with proofs of loss and his interest in the property, and otherwise performed all the conditions

of said policy on his part—and demanded judgment for $800 and costs. A copy of the policy is annexed to the complaint, and made a part thereof. The defendant, in the first and third paragraphs of its answer, admits its incorporation, and that it issued the policy, a copy of which is annexed to the complaint. The defendant, in the second paragraph of its answer, "avers that on or about June 6, 1898, the plaintiff claimed to be the owner of the property described in paragraph 2 of said complaint, but defendant denies that it has any knowledge or information sufficient to enable it to form a belief as to whether the plaintiff did on said date, or at any other time, own the said property, or any of it, and denies that it has any knowledge or information sufficient to enable it to form a belief as to whether said property, or any of it, was at the time alleged in the complaint, or at any other time, destroyed by fire, or as to whether at the time of said fire plaintiff was the owner of said property, or any of it." The defendant, in its fourth paragraph, denies each and every allegation contained in said complaint not thereinbefore specifically admitted. The defendant also alleges as an affirmative defense: (1) That the plaintiff did not, within the time limited in said policy of insurance, namely, within sixty days after the loss and the occurrence of the fire as alleged in the complaint, furnish proofs of loss as required by the terms of the policy. (2) Defendant further alleges that the plaintiff failed, neglected, and refused to furnish to the defendant, upon proper request, a certificate of a magistrate or notary public stating that he had examined the circumstances connected with the said fire and believed the plaintiff honestly sustained loss to the amount certified therein, as stipulated by the terms of said policy. (3) The defendant further alleges that the plaintiff and defendant had never agreed as to the actual cash value or any value of the property mentioned and de-

scribed in said policy, and that the value of said property and the amount of plaintiff's loss and the damage have never ·in any manner been ascertained, estimated, or determined, pursuant to the terms of said policy.

At the close of the plaintiff's evidence the defendant moved the court to dismiss the action on the ground that the plaintiff had failed to prove facts sufficient to constitute a cause of action, which motion was denied. The defendant then moved the court, upon the same ground, to direct a verdict for the defendant, which was also denied. The defendant thereupon introduced evidence on its part, and the plaintiff introduced evidence in rebuttal. The motion on the part of the defendant to direct a verdict was renewed at the close of all the evidence, and denied. The court thereupon proceeded to charge the jury, after stating the claims of the respective parties, as follows: "The issues in this case have been settled by the pleadings and by the court, except the one issue as to the value of this property; and the question to be submitted to the jury is the question of the cash value of the property destroyed, and which was covered by the policy of insurance which has been introduced in evidence. What was the actual cash value of the property insured by the defendant under the policy in evidence, and which was destroyed by fire on July 5, 1898? When you have agreed upon the amount— upon the cash value of that property—you will insert that amount in this verdict, and your foreman will sign it." This charge of the court was duly excepted to by the defendant. The court further instructed the jury upon the issue as to the value of the property, and submitted to them the following interrogatory: "Interrogatory No. 1, for the Jury. What was the actual cash value of the property insured by the defendant under policy in evidence, and which was destroyed by fire July 5, 1898?" To which the jury returned the

following answer: "Two thousand (2,000) dollars." This part of the charge was also excepted to.

The appellant contends: "The court erred in withdrawing the issues in the case from the jury, and in submitting to the jury the special interrogatory as to the value of the property insured, and in rendering judgment in favor of the plaintiff upon the answer of the jury to such special interrogatory, without a general or special verdict finding on all the issues having been rendered." The respondent contends that as the appellant made no request to have any issues submitted to the jury, other than the issue as to the value of the property, and made no objection to the court's submitting the one issue only, and having made no request to the court to instruct the jury upon any issue, and made no objection to the statement in his charge to the jury that the court had settled the issues, it is now estopped from claiming that the court committed error in thus submitting the one issue only to the jury in the form of the interrogatory disclosed by the record; that the court's statement that it had settled the issues is conclusive upon this court, and the manner in which these issues were settled, or the rulings of the court thereon, are not now presented to this court by the record in this case; and that this court will presume that the court below ruled correctly upon the question as to the issues presented by the pleadings. Respondent also insists that as the defendant made a motion at the conclusion of the plaintiff's evidence, and again at the conclusion of all the evidence, for the direction of a verdict in its favor, and, upon the decision of the court denying its motion, it made no request to have any issue submitted to the jury, it is now estopped from insisting that there were any issues to be determined by the jury. It is further contended on the part of the respondent that the court was right in holding that the only issue to be submitted to the jury

was the one as to the value of the property, for the reason that the answer did not sufficiently deny the allegations of the complaint to raise any issue other than that as to the value of the property.

We cannot agree with counsel for respondent in either of the positions taken in support of the ruling of the court. The answer of the defendant, as we have seen, only admits the incorporation of the defendant and the issuing of the policy. It denies that the defendant had any knowledge or information sufficient to form a belief as to whether or not the plaintiff was the owner of the property; also denies that it had any knowledge or information sufficient to form a belief as to whether or not the property was destroyed by fire, or whether or not at the time of said fire the plaintiff was the owner of said property, or any of it. It is true, in the denial in paragraph 2, the words "to enable it" are inserted, not authorized by the statute. Subdivision 1, § 4914, Comp. Laws, reads as follows: "The answer of the defendant must contain: (1) A general or special denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief." While it is undoubtedly the better practice to use the language of the statute, we are of the opinion that the use of the words "to enable it" does not vitiate the denial, or render it less effective as a denial. But if the denial in paragraph 2 of the answer was insufficient, the denial in paragraph 4, denying each and every allegation contained in the complaint not specifically admitted, is certainly sufficient to raise issues upon every allegation of the complaint not specifically admitted. Again, in the affirmative allegation of the answer it is alleged that the proofs of loss required by the policy were not furnished the defendant as required by the policy, that the certificate of the magistrate or notary was not furnished as required by the policy, and

that the value of the property destroyed by the fire was not ascertained as provided by the terms of the policy.   It will thus be seen that the ownership of the property, the value of the property, its loss or destruction by fire, the furnishing of proofs of loss, the furnishing of the certificate required by the policy, and the ascertainment of the loss in the manner provided for in the policy, were all issues presented by the pleadings.   Upon what theory, therefore, the learned court charged the jury that the only issue before them. was as to the value of the property, we are unable to comprehend. It may have been that the ownership of the property insured and the fact of its loss by fire was proven by the uncontradicted evidence on the part of the plaintiff, and that the issue of the proofs of loss was. waived by the defendant by pleading that the value of the property had never been ascertained in the manner provided by the policy. But neither of these grounds would be sufficient to authorize the court to take the issues themselves from the jury.   This question was so fully discussed in the case of Bartow v. Assurance Co., 10 S. D. 132, 72 N. W. 86, and in Humpfner v. D. M. Osborne & Co., 2 S. D. 310, 50 N. W. 88, that a further discussion seems unnecessary.   In the former case this court held, after a review of the authorities, that a special verdict must find upon all the issues. raised by the pleadings, otherwise the findings in the special verdict will not support the judgment; and in the latter case, that the fact the evidence was uncontradicted did not change the rule requiring the special verdict to pass upon all the issues so raised.

The contention on the part of the respondent that the defendant waived his right to have all the issues passed upon by the jury by moving the court to direct a verdict in its favor is not tenable. The rule contended for by the respondent is only applicable to cases where both parties move for a direction of the verdict' (Yankton.

Fire Ins. Co. v. Fremont, E. & M. V. R. Co., 7 S. D. 428, 64 N. W. 514; Grigsby v. Telegraph Co., 5 S. D. 561, 59 N. W. 734); and even in such a case the verdict must, in form, at least, pass upon all the issues, either in the form of a general or special verdict, in order that the record may show a special or general verdict or finding that will support the judgment.

Neither is the contention of the respondent tenable that the defendant waived his right by failing to request the court to submit all the issues to the jury. The defendant properly excepted to that part of the charge of the court in which it stated to the jury that there was but one issue for them to pass upon and to the court's action in submitting but one special finding to the jury, and that was all that the defendant was required to do. The rule that the party requiring the special instructions to the jury upon any issue in the case must request the court to give such instruction has no application to a case like the one at bar. It is the duty of the court, without any special request, to submit all the issues raised by the pleadings to the jury, or, in a proper case, to direct the jury to find a verdict upon all the issues; and when the court instructs the jury that there is but one issue, and takes a special verdict upon that issue only, the opposing party cannot be required to do more than to except to the instruction.

As the case is presented by this record, there are several issues yet undetermined by the verdict of the jury, and hence, under the former decisions of this court above referred to, the special findings of the jury will not support the judgment, when considered in connection with the pleadings; and the judgment in this case must therefore necessarily be reversed, and a new trial ordered. Other questions are presented in the briefs of counsel, but, as these may not be raised upon another trial, we do not deem it necessary to discuss them in this opinion.

The judgment of the court below is reversed, and a new trial granted.

FULLER, J., dissenting.