## PETERS v. LOHR et al.

The procedure to determine adverse title and obtain possession of real estate is a combination of both law and chancery procedure, and an action to quiet title and cancel a tax deed, where possession is not demanded by either party, is purely equitable, and a jury trial is not demandable as of right.

An assessor signed the affidavit to his return, and the auditor's certificate read, "Subscribed and sworn to before me on this 26th day of June, 1900. Auditor for ———— County, South Dakota;" but the auditor's signature and seal were lacking. Held, that, in the absence of evidence to the contrary, the presumption was that the assessor took the oath, but that the auditor negligently omitted to sign and affix his seal, so as not to invalidate a tax deed founded on the proceedings.

The burden is on one attacking a tax deed to show a defect rendering it void.

Under Pol. Code, § 2213, making a tax deed prima facie evidence of the truth of facts, recited and the regularity of the proceedings, the prima facie evidence, consisting of the recital that the property was "duly assessed," as effectually establishes the fact, in the absence of contrary evidence, that the assessor made proper oath to his return as would the verbal testimony of the assessor or county auditor.

A presumption will serve in the place of evidence in favor of

one party or the other, until prima facie evidence has been adduced by the opposite party; but the presumption should never be placed in the scale to be weighed as evidence.

"Prima facie evidence" means sufficient evidence upon which a party would be entitled to recover if his opponent produced no evidence.

The figures "8.55" in a notice of tax sale were separated by a printer's space between the "8" and "5" and also by a decimal point, and the first group of such figures at the head of the first column was preceded by the dollar sign. Held, that the 8.55 should be read $8.55, and the omission of the dollar mark was not fatal.

An appeal from an order denying a new trial, made after judgment, taken with an appeal from the judgment, need not be taken within 60 days after entry of the order and notice of the same to the opposite party.

(Opinion filed, Jan. 26, 1910.)

Appeal from Circuit Court, Hamlin County. Hon. GEORGE H. MARQUIS, Judge.

Action by James W. S. Peters against Mary V. Lohr and others. From a judgment for plaintiff and an order denying a new trial, defendants appeal. Reversed and remanded.

*Cheever & Cheever* and *F. W. Lohr*, for appellant. *Case & Shurtleff*, for respondent.

McCOY. J. The plaintiff alleges that he is the owner in fee of a certain parcel of real estate situated in Hamlin county. That defendant claims an interest therein adverse to plaintiff under and by virtue of a tax deed, which plaintiff alleges was wrongfully and unlawfully issued by the treasurer of said Hamlin county. The complaint alleges various irregularities in the assessment and tax sale under which said deed was issued. Plaintiff demanded judgment that defendant be required to set forth his claim of title to said premises, and that said tax deed be decreed by the court to be null and void, and that the same be canceled of record, and that plaintiff's title be quieted. Defendant answered, admitting that he claimed fee title, and alleged that defendant was in possession of said land, and also alleged that the statute under which the action is brought is in contravention of the federal and state Constitutions, and demanded that plaintiff be granted no relief, and that the tax deed be declared to be a good and valid instrument, and that plaintiff be divested of all right, title, and

interest in and to said premises. Findings and judgment were in favor of plaintiff, and the defendant appeals from such judgment.

It is first contended by defendant that the court erred in not granting defendant's request for a trial by jury, but we are of the opinion that such contention is not tenable. The procedure in this state to determine adverse title, and to obtain possession of real estate in the possession of another, is a combination of both law and chancery procedure, as practiced under the rules of the common law. In all those cases where the action is possessory only, brought for the purpose of obtaining possession of real property, in substance the same as common-law ejectment, both parties, as a matter of right, are entitled to trial by jury. In all those cases which at common law came on the equity or chancery side of the court, such as actions to quiet title and cancel instruments, where the equity power of the court was invoked as the principle of primary cause of action, neither party is entitled to trial by jury as a matter of right. Reichelt v. Perry, 15 S. D. 601, 91 N. W. 459; Burleigh v. Hecht, 117 N. W. 367; Thomas v. Ryan, 123 N. W. 68. The case at bar is equitable purely, brought to quiet title and to cancel a tax deed on account of alleged irregularity, and possession is not demanded by either party.

Defendants claim to be the owners of said real estate under a tax deed. The plaintiff seeks to have this tax deed vacated and canceled, and has offered evidence attacking the regularity of said deed in two particulars. First, plaintiff claims that said deed is void because the assessor's return was not sworn to by the assessor, as required by section 2102, Pol. Code; second, that the notice of tax sale was insufficient in that no dollar sign ($) precedes the figures representing the amount of taxes due. But we are of the opinion that the cases of Avant v. Flynn, 2 S. D. 153, 49 N. W. 15, and Bandow v. Wolven, 20 S. D. 445, 107 N. W. 204, have decided these questions adversely to respondent's contention. In Bandow v. Wolven it appeared that the assessor had omitted to sign the oath, but the county auditor's certificate was annexed, reciting that the assessor had subscribed and sworn

to the written oath or affidavit before him, and the court held that the presumption was that the oath had been administered, but that the assessor had neglected to sign the same, but which did not render the assessment void. In the case at bar the assessor signed the affidavit, and the auditor's certificate reads as follows: "Subscribed and sworn to before me on this 26th day of June, 1900. Auditor for ———— County, South Dakota"—but the auditor's signature and seal are lacking.

This was the situation in Avant v. Flynn, and the court in rendering that opinion said: "Still, if the oath required by the statute was taken by the assessor, and through inadvertence, carelessness, or other cause the officer administering the oath shall fail to attach his certificate to the assessment roll, would this irregularity make the assessment void? We think not." In both these cases cited there was oral testimony showing that the assessor had in fact taken the oath. In this case we are of the opinion, in the absence of testimony to the contrary, that the presumption is that the assessor did take the oath, and that the auditor negligently omitted to sign and affix his seal to the certificate. The respondent had the burden of showing that no such oath was in fact taken. The plaintiff is the one who has attacked the legality of the tax deed, and the burden is on him to show that no oath was taken by the assessor. In Bandow v. Wolven, 120 N. W. 881, on rehearing, this court held that the tax deed, being regular on its face, was prima facie evidence of the truth of the facts therein stated, and that the burden was on the one attacking such deed to show defects that would render such deed void. In the case at bar the fact that the auditor's signature does not appear on the certificate is only evidence of the fact that such signature is lacking, but is not evidence, either one way or the other, as to whether the oath was in fact administered. The recital in the tax deed in evidence is that said property was "duly assessed," and which recital is prima facie evidence of the truth of that fact, which necessarily and logically means that the said recital in the tax deed is prima facie evidence of the fact that the said assessor took the proper oath to the return on his assessment roll; otherwise the property was not "duly assessed."

Section 2213. Pol. Code, provides that a tax deed shall be prima facie evidence of the truth of all the facts therein recited and of the regularity of all proceedings from the valuation of the land by the assessor up to the execution of the deed. Therefore we are of the opinion that the prima facie evidence, consisting of the recitals contained in the tax deed, as effectually establishes the fact, in the absence of more conclusive evidence, that the assessor made proper oath to his return as would the verbal testimony of the assessor or the auditor. A presumption is not evidence of anything, and only relates to a rule of law, as to which party shall first go forward and produce evidence sustaining a matter in issue| A presumption will serve as and in the place of evidence in favor of one party or the other until prima facie evidence has been adduced by the opposite party; but the presumption should never be placed in the scale to be weighed as evidence. The presumption, when the opposited party has produced prima facie evidence, has spent its force and served its purpose, and the party then, in whose favor the presumption operated, must meet his opponent's prima facie evidence with evidence, and not presumptions. A presumption is not evidence of a fact, but purely a conclusion. Elliott, Ev. §§ 91, 92, 93; Wigmore, Ev. §§ 2490, 2491. Hence in this case the plaintiff might rest behind the circumstantial inference that the auditor did not administer the oath to the assessor, arising from the fact of the absence of the auditor's signature to the jurat, and this inference, if it ever existed, would only prevail until prima facie evidence was produced to the contrary. When the tax deed, regular on its face, reciting that said assessment was regularly and duly made, went into evidence, the recital therein contained, under operation of section 2213, Pol. Code, became prima facie evidence of the truth of such recital, not a presumption of the truth of such recital, but prima facie evidence of the truth thereof. Therefore we have the prima facie evidence of the truth of a fact opposed only by a presumption, which in itself is not evidence, and which should not be placed in the scale and weighed against the prima facie evidence. Prima facie evidence means sufficient evidence upon

which a party would be entitled to recover, providing his oppenent produced no further testimony. Wigmore, Ev. 2494. If the recital in the tax deed was sufficient evidence on the question as to whether the assessor in fact took oath, then it devolved upon the plaintiff to meet this prima facie evidence of defendant with evidence; and, not having done so, it necessarily follows that the prima facie evidence contained in the tax deed must control, and that the burden was on the plaintiff to overcome this prima facie evidence by other evidence. Again, the surrounding facts and circumstances corroborate the prima facie evidence contained in the recitals of the tax deed. The fact that the assessor subscribed to the oath, and that the jurat reads "subscribed and sworn to before me this 26th day of June, 1900," would reasonably lead one to infer that the oath had been in fact administered, but that the auditor had carelessly omitted to attach his signature thereto. This is circumstantial evidence, having a tendency to show that the auditor negligently failed to sign the certificate.

In Bandow v. Wolven, 20 S. D. 445, 107 N. W. 204 ,this court; in speaking of the absence of the "dollar mark" in the notice of tax sale, said: "The figures '26 16, 2 45, 28 61' necessarily relate to the amount of taxes, penalty, and interest and total amount due. Notwithstanding the absence of dollar marks, no person of ordinary intelligence would doubt that these figures were designed to express certain sums of money. Observing that each group of figures was divided by a printer's space, such a person would instantly conclude that the figures preceding the space represented dollars, and those following it represented cents. It is therefore clear that the figures should be read as if they were written thus: $26.16, $2.45, $28.61." It is more clear in the case at bar, where the figures are separated by a decimal point or a period, in addition to the printer's space, and the first group of such figures at the head of the first column has the dollar sign preceding it. Therefore the 8.55 so divided by a printer's space and a decimal point should be read $8.55.

It is contended by respondent that, because the motion for new trial was made after the entry of judgment, and the appeal

from the judgment and order denying motion for new trial was not taken until long after the expiration of 60 days from the time of notice of entry of the order denying the motion for new trial, the court on appeal cannot review the order denying the motion for new trial. But we are also of the opinion that this question has heretofore been decided by this court adversely to respondent's contention. McVay v. Bridgman, 17 S. D. 424, 97 N. W. 20.

It appearing from the evidence that the tax deed of defendants is regular on its face, and that the plaintiff has shown no defects therein, or in the taxing procedure, that would render such deed void, the findings and judgment of the lower court and the order denying new trial are therefore reversed; and, inasmuch as the plaintiff may be able to produce either the assessor or auditor, or both, on another trial, a new trial is ordered, and the cause remanded.