2005 SD 96

**Dominic D. KAPPENMAN, Plaintiff and Appellant,**

v.

**Doug STROH and Thomas Troy Spitzer, Defendants and Appellees.**

No. 23456.

Supreme Court of South Dakota.

Considered on Briefs April 25, 2005.

Decided Aug. 31, 2005.

Lee C. "Kit" McCahren of Olinger, Lovald & Reimers Pierre, SD, for plaintiff and appellant.

Roy A. Wise of Richardson, Wyly, Wise, Sauck & Hieb, Aberdeen, SD, for defendant and appellee, Stroh.

Larry M. Von Wald of Beardsley, Jensen & Von Wald, Rapid City, SD, for defendant and appellee, Spitzer.

TIMM, Circuit Judge.

[¶ 1.] The genesis of this case is a mid-afternoon meeting of two vehicles at the top of a hill on a gravel road in McPherson County. Neither vehicle was speeding. Neither driver was aware of the other's presence on the road prior to the hilltop encounter. Upon visual contact, both drivers steered right. The pickup driven by Doug Stroh (Stroh) continued safely on. The Jeep in which Dominic Kappenman (Kappenman) was riding, driven by Thomas Spitzer (Spitzer), slid on loose gravel and rolled. Kappenman sustained injuries and sued both Stroh and Spitzer. Both drivers denied fault and filed cross claims. The issues of liability and damages were bifurcated. At the end of the liability phase of the trial, the jury brought back verdicts in favor of both Stroh and Spitzer. Kappenman appeals, claiming the trial court erred in a variety of ways. We affirm.

## ISSUE ONE

[¶ 2.] **Whether the trial court's denial of Kappenman's motion in limine was reversible error.**

### Nobody's fault

■ [¶ 3.] Kappenman brought a motion in limine to preclude Stroh and Spitzer from arguing that the accident was "nobody's fault." The trial court denied the motion.

■ [¶ 4.] The purpose of a motion in limine is to prevent prejudicial evidence, argument, or reference from reaching the ears of the jury. However, a trial court's ruling on a motion in limine is preliminary and may change depending on what actually happens in trial. *First Premier Bank v. Kolcraft Enterprises, Inc.*, 2004 SD 92, ¶ 7, 686 N.W.2d 430, 437. The initial ruling by itself preserves nothing for appeal. To claim error based on the denial of a motion in limine, the trial court must allow, over renewed objection, that which the moving party sought to exclude to be presented to the jury. Where an in limine motion is denied but the evidence, argument, or reference is subsequently entered in the record without objection, there is no appealable issue, no reversible error. *State v. Red Star*, 467 N.W.2d 769, 771 (S.D.1991) (citing *State v. Gallipo*, 460 N.W.2d 739, 743 (S.D.1990); *State v. Novaock*, 414 N.W.2d 299 (S.D.1987); *State v. Olson*, 408 N.W.2d 748 (S.D.1987)).

[¶ 5.] During the trial Kappenman had no opportunity to object to the argument he sought to keep from the jury because neither Stroh nor Spitzer made it.[1] We find no issue here for review.

### Sheriff's Report

■ [¶ 6.] Kappenman brought a motion in limine to exclude the sheriff's accident report. At the pretrial conference the trial court ruled the report was admissible. Stroh offered the report at trial. It was admitted without objection. Kappenman has failed to preserve this issue for appeal. *Id.*

## ISSUE TWO

[¶ 7.] **Whether the trial court erred in failing to grant Kappenman's motions for directed verdict.**

---

1. Neither defendant argued that the accident was "nobody's fault" but rather that the accident was not their fault but that of the other driver.

[¶ 8.] A motion for directed verdict under SDCL 15–6–50(a) questions the legal sufficiency of the evidence to sustain a verdict against the moving party. *Roth v. Farner–Bocken,* 2003 SD 80, ¶ 8, 667 N.W.2d 651, 658. When a motion for directed verdict is made, the trial court must accept the evidence most favorable to the nonmoving party. *Thompson v. Mehlhaff,* 2005 SD 69, ¶ 38, 698 N.W.2d 512, 523. "If sufficient evidence exists so that reasonable minds could differ, a directed verdict is not appropriate." *Veeder v. Kennedy,* 1999 SD 23, ¶ 25, 589 N.W.2d 610, 617.

[¶ 9.] Kappenman contends that the trial court erred by submitting the issue of liability to the jury rather than granting his motion for a directed verdict. He claims the evidence is uncontroverted that both drivers violated SDCL 32–26–3, a rule of the road which requires that "[d]rivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one-half of the main-traveled portion of the roadway as nearly as possible" and, by implication, that their negligence was the legal cause of the Spitzer vehicle rollover.

### Kappenman's testimony

[¶ 10.] Kappenman testified that Spitzer's Jeep was not on the wrong side of the road. He told his mother shortly after the accident that it was not Spitzer's fault. He agreed that he would not have changed anything about Spitzer's driving that day. He also testified that as the vehicles approached one another, each moved to the right and that there was sufficient room to pass, which they did without contact. Kappenman admitted that he had no evidence that Stroh's pickup was on the wrong side of the road when the vehicles passed. Kappenman further testified that the Jeep started to slide when it was steered from the established tracks into loose gravel. No evidence was offered by Kappenman as to where the center of the road was located.

### Stroh's testimony

[¶ 11.] Stroh testified that when he saw the Jeep, both he and Spitzer moved their vehicles to the right which permitted the vehicles to pass without contact. When the vehicles passed, he said that his pickup was on his side of the road. Stroh also testified that he pulled over as he went up the hill, which was his normal procedure, to avoid "any close calls."

### Spitzer's testimony

[¶ 12.] Spitzer testified that his Jeep was traveling at forty to forty-five miles per hour. As he was driving up the hill, there was no dust coming from the other side of the hill, no sign of an oncoming vehicle. He said that the two vehicles went to their right when they met. He remembered that even if the vehicles had not moved right, they could have passed each other.

[¶ 13.] This evidence stands in substantial opposition to Kappenman's claims that Spitzer and Stroh were negligent. The trial court's decision to send the liability issues to the jury for resolution must be affirmed. *Haggar v. Olfert,* 387 N.W.2d 45, 49 (S.D.1985).

### ISSUE THREE

[¶ 14.] **Whether the trial court erred when instructing the jury.** Under our standard of review, we construe jury instructions as a whole to learn if they provided a full and correct statement of the law. If, as a whole, the instructions misled, conflicted, or confused, then reversible error occurred. The party charging that an instruction was given in error has the dual burden of showing that the instruction was erroneous and prejudicial. An er-

roneous instruction is prejudicial if in all probability it produced some effect upon the verdict and is harmful to the substantial rights of the party assigning it. *Behrens v. Wedmore,* 2005 SD 79, ¶ 37, 698 N.W.2d 555, 570 (citing *First Premier Bank v. Kolcraft Enterprises, Inc.,* 2004 SD 92, ¶ 40, 686 N.W.2d 430, 448). It was error, claims Kappenman, for the trial court to give instructions number 21 and 22.

### Instruction No. 21

■■■ [¶ 15.] Instruction 21 reads as follows: "The fact that a motor vehicle skids on a highway does not in itself constitute negligence on the driver's part." It is an accurate statement of the law, readily apparent from this Court's writing in *Boyd v. Alguire,* 82 S.D. 684, 153 N.W.2d 192, 197 (S.D.1967):

> It has been generally held that the mere skidding of an automobile does not indicate or establish negligence. Annot., 58 A.L.R. [264,] 266 [(1929)], 113 A.L.R. [1002,] 1005 [(1938)]. It is clearly the position of this court that taken together with other acts or omissions of the driver, skidding may occur under such circumstances as to warrant a finding of negligence. (citing *Zeigler v. Ryan,* 65 S.D. 110, 271 N.W. 767 (1937); *Jacobson v. Coady,* 77 S.D. 1, 84 N.W.2d 1 (1957)). (emphasis added).

Instruction 21 was not the only instruction given regarding negligence. The general pattern instruction was given, defining negligence as the failure to use reasonable care under the facts shown by the evidence. The jury was also instructed on specific driving conduct that would fall short of the reasonable care standard, such as failing to give a vehicle approaching from the opposite direction at least one-half of the main-traveled portion of the roadway when passing, failing to keep a proper lookout, and failing to maintain control of the vehicle. These instructions provided the jury with a full and correct statement of the law.

[¶ 16.] We find no error arising from the trial court's giving of instruction 21.

### Instruction No. 22

■■■ [¶ 17.] Instruction 22 provided: "Negligence may not be assumed from the mere fact that an accident and injury occurred." This Court has previously recognized that "the mere fact of an accident" instruction is proper as a cautionary measure because it deals with burden of proof. *Del Vecchio v. Lund,* 293 N.W.2d 474 (S.D. 1980). Although we have recognized that such an instruction may be redundant given other instructions related to negligence, proximate cause, and burden of proof, *Kuper v. Lincoln–Union Elec. Co.,* 1996 SD 145, ¶ 33, 557 N.W.2d 748, 759, it remains a correct statement of the law. Therefore, we find no error arising from the trial court's instruction 22.

### ISSUE FOUR

[¶ 18.] **Whether the trial court erred by withdrawing the statement of the case read prior to jury selection rather than submitting it to the jury.**

[¶ 19.] Prior to jury selection, a statement of the case authored by the trial court was read to prospective jurors. The statement had not been agreed to by the parties. The trial court omitted language, proffered by Stroh, which would have noted that both defendants denied liability. Prospective jurors were told, however, that Stroh and Spitzer each claimed the other was responsible for Kappenman's injuries. The statement ended with these words: "your sole and exclusive duty today and tomorrow is to determine the percentage of negligence to assign to each driver."

[¶ 20.] After the evidentiary phase of the trial, Spitzer objected to including the statement of the case with the settled instructions. The settled instructions correctly explained that Kappenman had the burden of proving that the rollover of the vehicle in which he was riding resulted from the negligence of Stroh and/or Spitzer. The settled instructions also included the standard admonishment that if Kappenman failed to prove negligence by the greater convincing force of the evidence, an adverse finding by the jury would be required. Spitzer pointed out that the statement of the case was at odds with the settled instructions because it implied that both defendants were negligent and that the jurors' only duty would be to apportion fault. The trial court agreed and decided to withhold the statement of the case.

[¶ 21.] Kappenman claims that the trial court had no choice but to send the unexpurgated statement of the case to the jury, reciting for authority what he asserts is a mandate to that effect in the concluding paragraph of SDCL 15–6–51(a): "In all cases the instructions shall be taken by the jury in their retirement.... The instructions shall include any general or preliminary instructions prepared and read to the jury by the court...." From this language, Kappenman in essence argues that the trial court erred by refusing to submit an erroneous statement to the jury.

[¶ 22.] We need not proceed down that rabbit hole. A statement of the case is neither a general or preliminary instruction. Its submission to the jury is governed by SDCL 15–14–1. That statute provides: "The statement of the case read to the prospective jurors shall become a part of the instructions and charge to the jury *except to the extent that justice may require any modification thereof after the evidence has been concluded.*" (emphasis added).

[¶ 23.] Given that the statement read to prospective jurors contained inaccurate and conflicting information regarding the claims and issues, in the interest of justice the trial court could not submit it to the jury in its original form. Although it could be argued that the trial court erred by withholding rather than modifying the statement, we cannot come to that conclusion. Withdrawing the instruction (which should not have been given in the first instance due to lack of agreement by the parties under SDCL 15–14–1) accomplished the same goal as modification, that is, it prevented an inaccurate and conflicting version of claims and issues from confusing the jury. Furthermore, a modified statement would merely have been repetitive, as the settled instructions accurately advised the jury regarding the claims and issues to be resolved. It is not error for a trial court to refuse to give jury instructions which are already embodied in other given instructions. *Herren v. Gantvoort,* 454 N.W.2d 539, 542 (S.D.1990). The trial court is affirmed on this issue.

## ISSUE FIVE

[¶ 24.] **Whether the trial court erred by denying the motion for new trial.**

Whether a new trial should be granted is left to the discretion of the trial court. This Court will not disturb the trial court's decision absent a clear showing of abuse of discretion. We determine that an abuse of discretion occurred only if no judicial mind, in view of the law and the circumstances of the particular case, could reasonably have reached such a conclusion.

*Bauman v. Auch,* 539 N.W.2d 320, 325 (S.D.1995).

### Insufficient Evidence

[¶ 25.] Following the adverse verdict, Kappenman timely moved for a new trial

under SDCL 15–6–59(a)(6), asserting that there was insufficient evidence to support the jury's decision. The trial court denied the motion, explaining:

> When I review the totality of the circumstances, all of the evidence that was presented and all of the allegations of error, I am firmly convinced that the jury had before it accurate jury instructions, that they made a finding based on the evidence presented to them, and that their finding was supported by the evidence, and their finding was that neither of the defendants was negligent.

Kappenman ascribes error to that ruling.

[¶ 26.] Kappenman reprises the argument given in support of his motion for directed verdict that the evidence is uncontroverted that both Stroh and Spitzer were negligent. As previously noted, the record contains evidence from which a jury could conclude that neither defendant was negligent. The trial court did not abuse its discretion in denying Kappenman's motion for new trial based on insufficiency of the evidence.

### Verdict Form

[¶ 27.] Kappenman also claimed entitlement to a new trial based on the trial court's rejection of his proposed verdict form. This he claims was an error of law under SDCL 15–6–59(a)(7). Kappenman's special verdict form did not allow for findings on the issues of negligence and causation. It read:

> We, the jury, duly empaneled in the above-entitled action, and sworn to try the Issues therein, assign the relative degrees of fault as follows:

Percentage of Fault

| | | |
|---|---|---|
| Defendant Thomas Troy Spitzer | | _____% |
| Defendant Doug Stroh | | _____% |
| (Must total 100%) | Total | _____% |

DATED this ____ day of _____, 2004.

FOREPERSON

[¶ 28.] In contrast, and consistent with the settled instructions and the ruling denying Kappenman's motion for directed verdict, the trial court's special verdict form called for sequential determination of negligence and causation for each defendant. Relative fault was only required to be determined if both defendants were found liable for the accident. It is no secret that a verdict form must permit the jury to pass on all issues. *Wilson v. Commercial Union Ins. Co.,* 15 S.D. 322, 89 N.W. 649, 651 (S.D.1902). Because we have determined that the trial court did not err in denying Kappenman's motion for directed verdict on the issue of negligence, we find the trial court did not abuse its discretion in denying Kappenman's motion for new trial based on the refusal to submit his proposed verdict form to the jury.

[¶ 29.] Affirmed.

[¶ 30.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER and MEIERHENRY, Justices, concur.

[¶ 31.] TIMM, Circuit Judge, for SABERS, Justice, disqualified.