ZINTER, Justice
(concurring in part and concurring in result).
I
[¶ 40.] I concur on issue 1 and that part of issue 2 concluding that there was no error in instructing the jury that a confidential relationship existed. As the Court points out, Mollers admitted that there was a confidential relationship, and therefore, they are in no position to argue otherwise on appeal.
[¶ 41.] However, I disagree with the Court’s analysis on the burden of proof. See supra ¶¶ 29-35. I disagree because the “FIRST” part of Instruction 17 instructed the jury that if a presumption of undue influence arose, the ultimate “burden of proof’ shifted from the contestants (Hinds et al.) to the proponents (Mollers) of the will. However, under SDCL 29A-3-407, the ultimate burden of proof of undue influence was on the contestants. And, under SDCL 19-11-1 (Rule 301), even though the presumption of undue influence shifted the burden of going forward with the evidence to the proponents, the ultimate burden of proof should have remained with the contestants. Therefore, this part of Instruction 17, shifting the ultimate burden of proof to the proponents, was erroneous as a matter of law. Nevertheless, because it was harmless error, I concur in result.
II
[¶ 42.] The initial problem in this case is defining the “burden of proof’ that shifted under Instruction 17. “The term ‘burden of proof is one of the ‘slipperiest member[s] of the family of legal terms.’ ” Schaffer ex rel. Schaffer v. Weast, — U.S. -, -, 126 S.Ct. 528, 533, 163 L.Ed.2d 387 (2005) (quoting 2 J. Strong, McCormick on Evidence § 342, at 433 (5th ed. 1999)). The difficulty is due, in part, to the fact that the term has historically “encompassed two distinct burdens: the ‘burden of persuasion,’ i.e., which party loses if the evidence is closely balanced, and the ‘burden of production,’ ie., which party bears the obligation to come forward with the evidence at different points in the proceeding.” Id. at 533-34 (citation omitted). In McKiver v. Theo. Hamm Brewing Co., this Court explained the importance of this distinction in cases where a presumption causes the burden of going forward with the evidence to shift:
This burden of going forward with the evidence differs from the burden of proof. A presumption casts upon the person against whom it is applied the duty to go forward with the evidence on the point to which the presumption relates. The burden of proof, meaning the duty of establishing the truth of a claim by such quantum of proof as the law requires, rests upon the party having the affirmative of an issue. The latter never shifts during the course of a trial, while the burden of going forward with the evidence may shift.
67 S.D. 613, 618, 297 N.W. 445, 447 (1941) (citing Peters v. Lohr, 24 S.D. 605, 124 N.W. 853, 855 (1910)). Considering this distinction, the issue is whether the “FIRST” part of Instruction 17, providing that “the burden of proof shift[ed] to the Mollers,” erroneously shifted to them the ultimate burden of persuasion on undue influence.
[¶ 43.] In determining whether an instruction is erroneous, “our standard of review requires us to construe [the instructions] as a whole to find ‘if they provided a full and correct statement of the *449 law.’ ” Steffen v. Schwan’s Sales Enters., Inc., 2006 SD 41, ¶ 8, 713 N.W.2d 614, 617 (quoting First Premier Bank v. Kolcraft Enters., Inc., 2004 SD 92, ¶ 40, 686 N.W.2d 430, 448 (citations omitted)). In reviewing the jury instructions as a whole, it is helpful to compare the “SECOND” part of Instruction 17 dealing with undue influence cases in general, with the “FIRST” part of Instruction 17 dealing with the presumption of undue influence when a confidential relationship arises.
[¶ 44.] The “SECOND” part of Instruction 17 correctly informed the jury that “the contestants had the burden of proving the four elements set forth in Instruction 16 in order to establish that the will was the result of the undue influence of the Mollers.” (Emphasis added.) Furthermore, Instructions 15 and 16 indicated that the burden of “proving” the elements meant that the contestants bore the ultimate burden of persuasion. Instruction 16 provided: “To establish the existence of undue influence, the contestant must prove by the greater convincing force of the evidence four elements....”[7] Similarly, Instruction 15 emphasized that the contestants bore the ultimate burden of persuasion.[8] Thus, the jury was correctly instructed in Instructions 15,16, and the “SECOND” part of 17 that the contestants bore the ultimate burden of persuasion on undue influence.[9]
[¶ 45.] In contrast, the “FIRST” part of Instruction 17, dealing with undue influence in confidential relationships, incorrectly shifted the burden of persuasion from the contestants to the proponents. The instruction indicated that if a presumption of undue influence arose under the confidential relationship test,[10] the bur *450 den of proof shifted to Mollers, the proponents. Instruction 17 stated:
[W]hen this presumption of undue influence arises, the burden of proof shifts to the Mollers to show that they took no unfair advantage of Kenneth Thomas Duebendorfer in the creation of the will in order to rebut or defeat a finding that undue influence exists.
(Emphasis added.) This was an incorrect statement of the law because, under Instructions 15 and 16, this shifted the ultimate burden of persuasion to the proponents. As the Court itself acknowledges, SDCL 29A-3-407 requires that the contestants carry that “ultimate burden of persuasion” on undue influence. SDCL 29A-3-407, see supra ¶ 30.[11] What is not recognized is that even though the creation of a presumption of undue influence shifts the burden of going forward with the evidence, it does not shift the ultimate burden of persuasion.[12] SDCL 19-11-1 (Rule 301) clearly explains that:
a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast.
*451 (Emphasis added.)[13] Therefore, Instruction 17 is erroneous as a matter of law because it improperly shifted the ultimate burden of persuasion to Mollers, the proponents of this will.[14]
[¶ 46.] The Court, however, does not find error because “[I]nstruction [17] allowed the jury to determine 1) whether the contestants had established that Mollers had actively participated in the preparation and execution of the will, and 2) whether they unduly profited from their actions.” Supra ¶ 33 (emphasis added). However, allowing the jury to consider elements of a cause of action does not resolve an error in instructing the jury as to which party bore the burden of proof on those elements.
[¶ 47.] The Court further suggests there was no error because, if the presumption of undue influence was established, the burden shifted to the Mollers to rebut this presumption “per the holdings of Dokken, Unke, and Smith II.” Supra ¶¶ 33-34. However, both Dokken and Unke recognized that the ultimate burden of proof remains with the contestants (Hinds). See Dokken, 2000 SD 9, ¶ 28, 604 N.W.2d at 495-96; Unke, 1998 SD 94, ¶ 13, 583 N.W.2d at 148. Furthermore, to the extent there is contrary language in those decisions (or our other cases, such as Smith I and Smith II), those cases did not properly consider SDCL 29A-3-407 and Rule 301, and therefore, they should be overruled.[15]
*452 [¶ 48.] In the final analysis, however, I concur in result because the error was not prejudicial. An erroneous instruction is prejudicial if the party contending that the instruction is erroneous proves that in all probability the instruction “produced some effect upon the verdict and is harmful to the substantial rights of the party assigning it.” Supra ¶ 24 (quoting Kappenman, 2005 SD 96, ¶ 14, 704 N.W.2d at 40). Here, the jury was properly instructed on the burden of proof for the general elements of undue influence in the “SECOND” part of Instruction 17. And, the facts of this case satisfied those elements as a matter of law. Moreover, the evidence of undue influence under the confidential relationship theory was even more persuasive. See Bienash v. Moller, 2006 SD 78, 721 N.W.2d 431. Considering the strength of the evidence in this case, Mol-lera have failed to demonstrate that the erroneous instruction, in all probability, produced some effect on the verdict and was harmful to their rights.

. Jury Instruction 16 stated:
To establish the existence of undue influence, the contestant must prove by the greater convincing force of the evidence four elements:
(1) That at the time the Will under question was prepared and signed by Kenneth Due-bendorfer, he was susceptible to undue influence;
(2) That the Respondents, Randy Moller and Kathy Moller, had sufficient opportunity to exert such influence and effect the wrongful purpose;
(3) That the Respondents, Randy Moller and Kathy Moller, had a disposition to do so for an improper purpose; and
(4) That a result was produced in the April 10, 2002, Will, which shows the effects of such influence.

. Jury Instruction 15 stated:
In civil actions, the party who asserts the affirmative of an issue must prove that issue by greater convincing force of the evidence.
Greater convincing force means that after weighing the evidence on both sides there is enough evidence to convince you that something is more likely true than not true. In the event that the evidence is evenly balanced so that you are unable to say that the evidence on either side of an issue has the greater convincing force, then your finding upon the issue must be against the party who has the burden of proving it.

. This Court has noted:
Under our settled law, to establish the existence of undue influence a will contestant must prove four elements by a preponderance of the evidence: "(1) decedent’s susceptibility to undue influence; (2) opportunity to exert such influence and effect the wrongful purpose; (3) a disposition to do so for an improper purpose; and (4) a result clearly showing the effects of undue influence.”
Matter of Estate of Unke, 1998 SD 94, ¶ 12, 583 N.W.2d 145, 148 (emphasis added) (citing Matter of Estate of Elliott, 537 N.W.2d 660, 662-63 (S.D.1995)). See also SDCL 29A-3-407 (stating that the contestants have the ultimate burden of establishing undue influence).

. Some jurisdictions provide that the burden shifts simply when a confidential relationship exists. 3 William J. Bowe & Douglas H. Parker, Page on Wills § 29.80, at 706 (3d ed. 2004). Other jurisdictions hold that the existence of a confidential relationship does not *450 shift the burden "in the absence of evidence of other facts of imposition” such as when the beneficiary takes "an active part in preparing the will.” Id. at 707.
In this jurisdiction, the existence of a confidential relationship does not, in and of itself, create a presumption of undue influence. The presumption of undue influence does arise if the beneficiary actively participated in the preparation and execution of the will and unduly profited therefrom. Matter of Estate of Elliott, 537 N.W.2d 660 (S.D.1995); Matter of Weickum's Estate, 317 N.W.2d 142 (S.D.1982); Matter of Heer’s Estate, 316 N.W.2d 806 (S.D.1982); In re Anders Estate, 88 S.D. 631, 226 N.W.2d 170 (1975); In re Hobelsberger’s Estate, 85 S.D. 282, 181 N.W.2d 455 (1970).

. The Court’s opinion acknowledges that under this statute, the ultimate burden of persuasion of undue influence remains on the contestants throughout the entire proceeding. Supra ¶ 30. But, two paragraphs later the Court's opinion inconsistently states: "In addition, '[t]he finding of a confidential relationship shifts the burden to [the beneficiary and proponent] to show by a preponderance of the evidence that [heflshe took no unfair advantage of [the decedent] in the creation of the will[.]’ ” See supra ¶ 32 (emphasis added). Thus, after first indicating that under SDCL 29A-3-407 the ultimate burden of establishing undue influence by a preponderance of the evidence is on the contestants, the opinion inconsistently states that it shifts to the proponents.

. No doubt, our case law has been a source of confusion on this point. See infra n. 15. However, we should clarify that the creation of a presumption only shifts the burden of going forward with the evidence. This Court has stated:
Once [a confidential relationship] ha[s] been established, "the burden of 'going forward with the evidence' shifts to the beneficiary [the proponent] to show that he took no unfair advantage of his dominant position.”
Matter of Estate of Borsch, 353 N.W.2d 346, 349 (S.D.1984) (citing In re Metz’ Estate, 78 S.D. 212, 222, 100 N.W.2d 393, 398 (1960)) (emphasis added). And:
[I]f will contestants can establish the existence of a confidential relationship between the testatrix and the beneficiary under the contested will, the burden of going forward with the evidence shifts to the beneficiary [the proponent] to show that he took no unfair advantage of his dominant position.
Elliott, 537 N.W.2d at 663 (emphasis added) (citations omitted). However, the ultimate burden of proof does not shift: "The ultimate burden remains on the contestant to prove the elements of undue influence by a preponderance of the evidence.” In re Estate of Dokken, 2000 SD 9, ¶ 28, 604 N.W.2d 487, 495 (citing Unke, 1998 SD 94, ¶ 12, 583 N.W.2d at 148).

. The adoption of this rule of evidence in 1978 did not change long-standing South Dakota law on the burden shifting effect of a presumption. As this Court remarked in 1967:
"A presumption is not evidence of anything, and only relates to a rule of law as to which party shall first go forward and produce evidence sustaining a matter in issue. A presumption will serve as and in the place of evidence in favor of one party or the other until prima facie evidence has been adduced by the opposite party; but the presumption should never be placed in the scale to be weighed as evidence. The presumption, when the opposite party has produced prima facie evidence, has spent its force and served its purpose, and the party then, in whose favor the presumption operated, must meet his opponent’s prima facie evidence with evidence, and not presumptions. A presumption is not evidence of a fact, but purely a conclusion.” Peters v. Lohr, 24 S.D. 605, 609, 124 N.W. 853, 855 (1910).
The function of a presumption was discussed by Judge Rudolph in Honrath v. New York Life Insurance Co., 65 S.D. 480, 275 N.W. 258 (1937), 65 S.D. 480, 275 N.W. 258, 112 A.L.R. 1272, and Headlee v. New York Life Ins. Co., 69 S.D. 499, 12 N.W.2d 313 (1943), quoting extensively from Wig-more on Evidence, 3rd Ed., § 2491, "the peculiar effect of a presumption 'of law' (that is, the real presumption) is merely to invoke a rule of law compelling the jury to reach the conclusion in the absence of evidence to the contrary from the opponent." A presumption takes the place of evidence “unless and until evidence appears to overcome or rebut it, and when evidence sufficient in quality appears to rebut it the presumption disappears and thereafter the determination of the issues depends upon the evidence with the requirement as in other civil actions that the party having the affirmative of the issue involved in order to succeed shall sustain his position by a preponderance of the evidence.” In re Drake’s Estate, 150 Neb. 568, 35 N.W.2d 417, 423 [1948].
King v. Johnson Bros. Const. Co., 83 S.D. 69, 75-76, 155 N.W.2d 183, 186-87 (1967).

. In an analogous case decided by the Nebraska Supreme Court, the jury instructions placed the burden of persuasion on the contestants. Estate of McGowan, 197 Neb. 596, 601, 250 N.W.2d 234, 237 (1977). However, the contestants argued that “the establishment of the presumption shifted the burden of proof from [them] to the proponent.” Id. The Nebraska Court concluded that the instructions were not erroneous, holding "in a will contest the burden of proof or the risk of nonpersuasion on the issue of undue influence is on the contestant and remains there throughout the trial.” Id. at 604-05, 250 N.W.2d at 239.

. Smith I and Smith II both incorrectly state that "[t]he finding of a confidential relationship shifts the burden to [the beneficiary] to show by a preponderance of the evidence that she took no unfair advantage of [the testator].” Smith I, 481 N.W.2d at 475 (emphasis added); Smith II, 520 N.W.2d at 83 (quoting Smith I, 481 N.W.2d at 475). This language should be overruled.
Similarly, this Court stated in Estate of Borsch that the presumption remains "even though the beneficiary introduces evidence rebutting the presumption.” 353 N.W.2d at 351. This language should also be overruled in light of Rule 301, which provides that "[w]hen substantial, credible evidence has been introduced to rebut the presumption, it shall disappear from the action or proceeding, and the jury shall not be instructed thereon.” (Emphasis added.)